NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-308

D.S. MONIC

VERSUS

LAFAYETTE GENERAL HEALTH SYSTEM, INC., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20215658
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

LEDRICKA J. THIERRY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Candyce G. Perret, and Ledricka J. Thierry, Judges.

AFFIRMED.

**Tracy P. Curtis**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **D.S. Monic**


**Kyle N. Choate**
**Gachassin Law Firm**
**400 East Kaliste Saloom Road, Suite 6100**
**P.O. Box 80369**
**Lafayette, LA 70598**
**(337) 235-4576**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Lafayette General Health System, Inc. and LGF Real Estate Investment**
    **Fund Property 1, LLC**

**THIERRY, Judge.**

The Plaintiff, D.S. Monic, appeals the trial court's grant of Defendants' motion for summary judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, a seventy-year-old woman, had a doctor's appointment on November 12, 2020, at a medical offices complex in Lafayette, Louisiana. The complex was owned and operated by Defendants, Lafayette General Health System, Inc. and LGF Real Estate Investment Fund Property 1, LLC. After completing her medical appointment, Plaintiff was exiting the complex. Upon approaching the sliding doors to exit the facility, Plaintiff alleged she tripped and fell on the edge of a large rug at the entrance to the complex. Plaintiff noted it was not the rug that patrons first cross when entering the building, but "an extra rug that is inside the building that [she] first encountered upon her exit of the building. She complained of the rug's thickness." Plaintiff suffered a broken arm as a result of the fall. Due to health problems, Plaintiff was using a cane to help her walk on that date.

On October 29, 2021, Plaintiff filed a Petition for Damages alleging she sustained injuries as a result of the fall. On October 31, 2022, Defendants filed a Motion for Summary Judgment on liability on the grounds that Plaintiff could not meet her burden of demonstrating (1) the existence of an unreasonable risk of harm; (2) actual or constructive knowledge of a defect; or (3) that the incident could have been prevented through the exercise of reasonable care and (4) Defendants failed to exercise that care. Both parties filed memorandums on the propriety of summary judgment. A hearing on the motion for summary judgment was set for March 23, 2023. The trial court granted summary judgment and dismissed Plaintiff's suit. No oral reasons or written reasons for judgment were issued. This appeal followed, wherein Plaintiff asserts the following assignment of error:

Given that Plaintiff tripped on the edge of a rug defendants had placed inside its medical offices facility, the trial court erred by failing to find that the rug's absent utility rendered it unreasonably dangerous under the circumstances.

## ANALYSIS

Summary judgment is a procedural device properly used when there is no genuine issue of material fact. *Murphy v. Savannah*, 18-991 (La. 5/8/19), 282 So.3d 1034; La.Code Civ.P. art. 966. Appellate courts are to review summary judgments de novo using the same criteria that governs the trial court's determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. La. Power & Light*, 06-1181 (La. 3/9/07), 951 So.2d 1058; La.Code Civ.P. art. 966(A)(3). Summary judgment procedure is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2). A motion for summary judgment will be granted "if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

Plaintiff argues the rug at issue had no utility, as the rug just inside the sliding doors "was sufficient to reduce the amount of dirt brought in on patient's shoes from outside. Had it been a rainy day, placing a second large rug adjacent to the vestibule just inside the complex may have then had some utility." Plaintiff then argues it is "axiomatic that a sizable share of patrons of a medical office facility that is attached to an orthopedic office lack ordinary mobility." As such, Plaintiff maintains a thick rug in such a facility presents an unreasonable risk of harm. Plaintiff acknowledges the rug in almost any other setting would not create an unreasonable risk of harm,

2

but here "where patrons like [Plaintiff] have difficulty walking, in the face of the absent utility of the rug, renders it unreasonably dangerous, and thus 'defective.'"

Defendants counter that the rug presented no unreasonable risk of harm. It notes the alleged defect, for the purposes of La.Code Civ.P. art. 2317.1, is a condition creating an "unreasonable risk of harm." "The existence of a defect may not be inferred solely from the fact that an accident occurred; rather, a plaintiff is required to prove, by a preponderance of the evidence, the existence of a defect and that the defect caused the plaintiff's damages." *Thind Enterprises, LLC v. Employers Mut. Cas. Co.*, 21-765, p. 15 (La.App. 3 Cir. 6/8/22), 344 So.3d 99, 106-07 *writ denied*, 22-1052 (La. 10/12/22), 348 So.3d 70 (quoting *Maddox v. Howard Hughes Corp.*, 19-135, p. 6 (La.App. 4 Cir. 4/17/19), 268 So.3d 333, 338).

Plaintiff relies on the recent Louisiana Supreme Court case of *Farrell v. Circle K Stores, Inc.*, 22-849 (La. 3/17/23), 359 So.3d 467, as support for its position that the trial court failed to consider the utility of the rug at issue in this case. A review of that case finds the court in *Farrell* did not remove the necessity for Plaintiff to establish that the rug in question created an unreasonably dangerous condition. The court in *Farrell*, 359 So.3d at 479-80, stated as follows:

> Liability is determined utilizing a duty/risk analysis. Generally, there exists a duty to maintain one's property in a reasonably safe condition and to correct an unreasonably dangerous condition or to warn of its existence. The question of whether a condition is open and obvious and, thus, not unreasonably dangerous, is an issue of breach, not duty. To determine if there has been a breach of a duty owed, courts are to apply the risk/utility balancing test. The second factor of the risk/utility balancing test includes the likelihood and magnitude of harm, which includes the open and obvious nature of the condition. Summary judgment on the issue of an unreasonably dangerous condition is warranted upon a finding that no reasonable juror could have found that the defendant was in breach of the duty. If the defendant meets that burden of proof, and the plaintiff fails to establish that he or she will be able to establish the breach element at trial, summary judgment in favor of the defendant is mandated.

3

The accident occurred at Ochsner Lafayette General Orthopedic Hospital medical office building, adjacent to the Ochsner Lafayette General Orthopedic Hospital. Photographs introduced demonstrated the rug had no raised edges, ripples and was lying flat on the floor. Plaintiff also testified in her deposition as follows:

> Q. Okay. So, in breaking down what we were talking about earlier, you said as you were approaching the rug—I want to find out exactly what happened. So was there anything on the rug that you saw that it was protruding or rippled or uneven?
>
> A. No. Just that I had to take a step. And I probably didn't take a big enough step. I hit the –
>
> Q. The edge of the rug?
>
> A. The very edge of it.
>
> . . . .
>
> Q. I'm trying to find out if there was something wrong with that rug which caused you to fall.
>
> A. No, there was nothing wrong. It wasn't folded or anything. It just was the way it was[.]

Plaintiff also acknowledged that she had entered into the building the same way and safely traversed this same rug earlier. With no evidence that the rug created an unreasonable risk of harm, Plaintiff would be unable to meet her burden of proof at trial of the existence of a defect and that the defect caused her damages. Thus, summary judgment was warranted in this matter.

## DECREE

For the foregoing reasons, the judgment of the trial court granting Defendants' Motion for Summary judgment is affirmed. All costs of this appeal are assessed against Plaintiff-Appellant, D.S. Monic.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.